# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CRAIG ARNOLD and MARIA ARNOLD husband and wife,<br><br>            Plaintiffs,<br><br> v.<br><br>BRECKINRIDGE CUSTOM HOMES, VIRGIN ISLANDS, INC.,<br><br>            Defendant. | 3:10-cv-23 |

**TO:** Erik E. Woodbury, Esq.

### ORDER DENYING PLAINTIFFS' MOTIONS FOR ENTRY OF DEFAULT

THIS MATTER is before the Court upon Plaintiffs' Motion For Entry of Default (Docket No. 6) and Renewed Motion For Entry of Default (Docket No. 8).

Plaintiffs claim that "Defendant was served on May 3, 2010, in accordance with the provisions of 13 V.I.C. § 348 [sic]." Renewed Mot. at 2.

Section 348 provides:

In case legal process against a corporation cannot by due diligence be served upon any person authorized to receive it, such process, including the complaint, may be served in duplicate upon the Lieutenant Governor, which service shall be effectual for all purposes of law. Within two days after service upon the Lieutenant Governor, he shall notify the corporation thereof by letter directed to the corporation at its last registered office, in which letter

> shall be enclosed a copy of the process, the complaint or other papers served. In any action in which the process shall be so served the plaintiff shall pay to the Lieutenant Governor the sum of twenty-five dollars ($25.00), which sum shall be taxed as a part of the costs in the action if the plaintiff shall prevail therein. The Lieutenant Governor shall enter alphabetically in a process book, kept for that purpose, the name of plaintiff and defendant, the title and number, if any, of the cause in which process has been served upon him, and day and hour when the service was made.

V.I. Code Ann. tit. 13, § 348 (2010).

While the Court accepts Plaintiffs' representations that Defendant currently has no registered agent for service of process and that "attempts to locate and serve Defendant at its place of business, through its principal, and through its Resident Agent" were futile, Renewed Mot. at 1, Plaintiffs fail to indicate or provide any evidence of their compliance with the other requirements of Section 348. Specifically, Plaintiffs have not demonstrated that they served the Lieutenant Governor with duplicate copies of the summons and complaint, accompanied by the twenty-five dollar ($25.00) fee, nor have they verified that the Lieutenant Governor notified Defendant by letter within two days of being served.

Based upon the foregoing, the Court finds that Plaintiffs have failed to comply with V.I. Code Ann. tit. 13, § 348, and service has not been effected upon Defendant sufficient to entitle Plaintiffs to entry of default.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiffs' Motion For Entry of Default (Docket No. 6) is **DENIED**.

2. Plaintiffs' Renewed Motion For Entry of Default (Docket No. 8) is **DENIED**.

ENTER:

Dated: July 7, 2010  /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE